Thomas M. McInerney, State Bar No. 162055
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, California 94105
Telephone:    (415) 442-4810
Facsimile:    (213) 442-4870
Email: tmm@ogletreedeakins.com

Attorneys for Defendant
SUN LIFE ASSURANCE COMPANY
OF CANADA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SOBEL,<br><br>               Plaintiff,<br><br>     v.<br><br>SUN LIFE AND HEALTH INSURANCE COMPANY, INC., SPORTS MEDICAL MANAGEMENT, INC., and DOES 1 THROUGH 50, INCLUSIVE,<br><br>               Defendants. | Case No. C 08-01682 WHA<br><br>**DEFENDANT'S ANSWER TO COMPLAINT FOR RECOVERY OF ERISA PLAN BENEFITS**<br><br>**[29 U.S.C. § 1132(A)(1)(B)]** |

///

///

///

///

///

///

///

///

///

///

SUN SOB Answer
to Complaint doc

1    COMES NOW Defendant, Sun Life Assurance Company of Canada (incorrectly

2    referred to as "Sun Life and Health Insurance Company, Inc.") ("Sun Life"), by counsel,

3    and in answer to Plaintiff's Complaint, states:

4                                    **JURISDICTION**

5        1.    In answer to paragraph 1, defendant admits the material allegations contained

6    therein.

7                                       **VENUE**

8        2.    In answer to paragraph 2, defendant admits that the Northern District of

9    California is the proper venue, but it denies the remaining allegations contained therein.

10                                      **PARTIES**

11       3.    In answer to paragraph 3, defendant admits the material allegations contained

12   therein.

13       4.    In answer to paragraph 4, Defendant admits that Sun Life is an insurance

14   company with its principal place of business in the United States located in Wellesley Hills,

15   Massachusetts, but it denies the remaining allegations contained therein.

16       5.    In answer to paragraph 5, Defendant admits that it regularly conducted

17   business in the State of California and that it was properly authorized to do so.  Defendant

18   denies the remaining allegations contained therein.

19       6.    In answer to paragraph 6, Defendant denies the allegations contained therein.

20       7.    In answer to paragraph 7, there are no allegations to which Defendant is

21   required to respond, and therefore denies the allegations contained in Paragraph 7.

22                                       **FACTS**

23       8.    In answer to paragraph 8, Defendant is without sufficient knowledge or

24   information, at present, so as to enable it to either admit or deny the allegations contained

25   therein, and therefore denies same.

26       9.    In answer to paragraph 9, Defendant is without sufficient knowledge or

27   information, at present, so as to enable it to either admit or deny the allegations contained

28   therein, and therefore denies same.

DEFENDANT'S ANSWER TO COMPLAINT FOR RECOVERY OF ERISA PLAN BENEFITS
[29 U.S.C. § 1132(A)(1)(B)]

SUN SOB Answer
to Complaint doc

## Dr. Sobel's initial diagnosis with Chronic Fatigue Syndrome in 2001.

10.    In answer to paragraph 10, Defendant admits that Plaintiff made a prior claim for disability benefits on or around September 2000.  Information from Plaintiff's physicians and prior disability claim that was provided to Sun Life is contained in one or more written documents in the claim file, which documents speak for themselves and provide the best evidence of their contents.  Defendant denies the remaining allegations contained therein.

11.    In answer to paragraph 11, Defendant admits that information from Plaintiff's physicians and his prior disability claim that was provided to Sun Life is contained in one or more written documents in the claim file, which documents speak for themselves and provide the best evidence of their contents.  Defendant denies the remaining allegations contained therein.

12.    In answer to paragraph 12, Defendant admits that information from Plaintiff's physicians and his prior disability claim that was provided to Sun Life is contained in one or more written documents in the claim file, which documents speak for themselves and provide the best evidence of their contents.  Defendant denies the remaining allegations contained therein.

13.    In answer to paragraph 13, Defendant admits that Plaintiff returned to work in or around 2003, and that information from Plaintiff's physicians that was provided to Sun Life is contained in one or more written documents in the claim file, which documents speak for themselves and provide the best evidence of their contents.  Defendant denies the remaining allegations contained therein.

## Dr. Sobel's current disability due to Chronic Fatigue Syndrome.

14.    In answer to paragraph 14, Defendant admits that information from Plaintiff's physicians that was provided to Sun Life is contained in one or more written documents in the claim file, which documents speak for themselves and provide the best evidence of their contents.  Defendant denies the remaining allegations contained therein.

///

15.     In answer to paragraph 15, Defendant admits that information from Plaintiff's physicians that was provided to Sun Life is contained in one or more written documents in the claim file, which documents speak for themselves and provide the best evidence of their contents. Defendant denies the remaining allegations contained therein.

16.     In answer to paragraph 16, Defendant admits that information from Plaintiff's physicians that was provided to Sun Life is contained in one or more written documents in the claim file, which documents speak for themselves and provide the best evidence of their contents. Defendant denies the remaining allegations contained therein.

17.     In answer to paragraph 17, Defendant denies the allegations contained therein.

18.     In answer to paragraph 18, Defendant admits that information from Plaintiff's physicians that was provided to Sun Life is contained in one or more written documents in the claim file, which documents speak for themselves and provide the best evidence of their contents. Defendant denies the remaining allegations contained therein.

19.     In answer to paragraph 19, Defendant admits that information from Plaintiff's physicians that was provided to Sun Life is contained in one or more written documents in the claim file, which documents speak for themselves and provide the best evidence of their contents. Defendant denies the remaining allegations contained therein.

20.     In answer to paragraph 20, Defendant admits that Plaintiff submitted his long term disability claim form dated February 22, 2007, but it denies the remaining allegations contained therein.

21.     In answer to paragraph 21, Defendant admits that information from Plaintiff's physicians that was provided to Sun Life is contained in one or more written documents in the claim file, which documents speak for themselves and provide the best evidence of their contents. Defendant denies the remaining allegations contained therein.

22.     In answer to paragraph 22, Defendant admits that information from Plaintiff's physicians that was provided to Sun Life is contained in one or more written documents in

///

DEFENDANT'S ANSWER TO COMPLAINT FOR RECOVERY OF ERISA PLAN BENEFITS
[29 U.S.C. § 1132(A)(1)(B)]

SUN SOB Answer
to Complaint doc

1   the claim file, which documents speak for themselves and provide the best evidence of their

2   contents.  Defendant denies the remaining allegations contained therein.

3   **Sun Life's initial denial of Dr. Sobel's claim**

4   23.   In answer to paragraph 23, Defendant admits that it communicated its

5   decision to deny Plaintiff's claim by a letter dated June 1, 2007, that Defendant's letter

6   included the quoted language, but which letter speaks for itself and provides the best

7   evidence of its contents.  Defendant denies the remaining allegations contained therein.

8   **Additional medical evidence**

9   24.   In answer to paragraph 24, Defendant admits that it was provided with letters

10   from Dr. Montoya and Dr. Robinson which were included in the claim file.  Defendant

11   denies the remaining allegations contained therein.

12   25.   In answer to paragraph 25, Defendant admits that Dr. Montoya's August 13,

13   2007 letter is a written document in the claim file, which document speaks for itself and

14   provides the best evidence of its contents.  Defendant denies the remaining allegations

15   contained therein.

16   26.   In answer to paragraph 16, Defendant admits that Dr. Robinson's September

17   4, 2007 letter is a written document in the claim file, which document speaks for itself and

18   provides the best evidence of its contents.  Defendant denies the remaining allegations

19   contained therein.

20   **Sun Life's improper INE requests**

21   27.   In answer to paragraph 27, Defendant admits that its letter of October 24,

22   2007 advised Plaintiff that an independent neuropsychological examination of Plaintiff was

23   being scheduled, but it denies the remaining allegations contained therein.

24   28.   In answer to paragraph 28, Defendant admits that Plaintiff's refusal to appear

25   for an independent neuropsychological examination was communicated to Sun Life by

26   Plaintiff's counsel's letter of October 26, 2007, which letter speaks for itself and provides

27   the best evidence of its contents.  Defendant denies the remaining allegations contained

28   therein.

29.     In answer to paragraph 29, Defendant admits that it further requested that Plaintiff appear for an independent neuropsychological examination by its letter of October 30, 2007, which letter speaks for itself and provides the best evidence of its contents. Defendant denies the remaining allegations contained therein.

30.     In answer to paragraph 30, Defendant admits that Plaintiff's continued refusal to appear for an independent neuropsychological examination was communicated to Sun Life by Plaintiff's counsel's letter of November 9, 2007, which letter speaks for itself and provides the best evidence of its contents.  Defendant denies the remaining allegations contained in therein.

31.     In answer to paragraph 31, Defendant admits the material allegations contained therein.

32.     In answer to paragraph 32, Defendant admits that Plaintiff's continued refusal to appear for an independent neuropsychological examination was communicated to Sun Life by Plaintiff's counsel's letter of November 21, 2007, which letter speaks for itself and provides the best evidence of its contents.  Defendant denies the remaining allegations contained therein.

33.     In answer to paragraph 33, Defendant admits that it communicated its decision to uphold the denial of Plaintiff's claim by letter dated November 30, 2007, which letter speaks for itself and provides the best evidence of its contents.  Defendant denies the remaining allegations contained therein.

## CAUSE OF ACTION

### (Recovery of ERISA AD&D Plan Benefits)

34.     Defendant realleges and incorporates its answers to Paragraphs 1-33, as if fully set forth herein, as its answer to Paragraph 34.

35.     In answer to paragraph 35, Defendant admits the material allegations contained therein, but states that not all subsections of ERISA, as cited, would apply to this benefit plan.

///

1    36.    In answer to paragraph 36, Defendant admits that Plaintiff was a participant

2  of the Plan, but denies the remaining allegations contained therein.

3    37.    In answer to paragraph 37, Defendant denies the allegations contained

4  therein.

5    38.    In answer to paragraph 38, Defendant denies the allegations contained

6  therein.

7    39.    In answer to paragraph 39, Defendant denies the allegations contained

8  therein.

9    40.    In answer to paragraph 40, Defendant denies the allegations contained

10  therein.

11    41.    In answer to paragraph 41, Defendant denies the allegations contained

12  therein.

13    42.    In answer to paragraph 42, Defendant denies the allegations contained

14  therein.

15    43.    In answer to paragraph 43, Defendant denies the allegations contained therein

16  and denies that the California Insurance Commissioner had the authority to make approve

17  the language of the Plan and Policy at issue.

18    44.    In answer to paragraph 44, Defendant denies the allegations contained

19  therein.

20    45.    In answer to paragraph 45, Defendant denies the allegations contained

21  therein.

22    46.    In answer to paragraph 46, Defendant denies the allegations contained

23  therein.

24    47.    In answer to paragraph 47, Defendant denies the allegations contained

25  therein.

26    48.    In answer to paragraph 48, Defendant denies the allegations contained

27  therein.

28  ///

DEFENDANT'S ANSWER TO COMPLAINT FOR RECOVERY OF ERISA PLAN BENEFITS
[29 U.S.C. § 1132(A)(1)(B)]

SUN SOB Answer
to Complaint doc

1    WHEREFORE, Defendant prays that Plaintiff take nothing by his Complaint, for

2  attorneys' fees and costs, and for all other just and proper relief.

3  DATED:  May 15, 2008                            OGLETREE, DEAKINS, NASH, SMOAK &

4                                                                    STEWART, P.C.

5

6                                                        By:  _____/s/_____

7                                                              Thomas M. McInerney
                                                               Attorneys for Defendant
8                                                              SUN LIFE ASSURANCE COMPANY
                                                               OF CANADA
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUN SOB Answer
to Complaint doc

## ADDITIONAL DEFENSES

COMES NOW Defendant, by counsel, and for its additional defenses to Plaintiff's Complaint, states as follows:

1.      Any allegation not specifically admitted, controverted or denied previously in this answer is now denied.

2.      The decision to deny long term disability benefits was not arbitrary and capricious and/or was otherwise in accordance with the terms and conditions of the Policy.

3.      Plaintiff's claim should be dismissed as a result of his breach of the Policy by failing to attend the INE.

4.      Plaintiff's claim should be dismissed for his failure to exhaust applicable administrative remedies.

5.      Plaintiff's complaint fails to state a claim upon which relief can be granted.

6.      Alternatively, to the extent Plaintiff is deemed entitled to the benefits under the Policy, such benefits are subject to various set offs and other reductions, pursuant to the terms of the Policy.

7.      Defendant incorporates, as if fully set forth herein, all terms, conditions, limitations, and exclusions contained in the Policy.

8.      The Policy specifically provides Defendant with the right to require an INE and Plaintiff's refusal to attend the INE is also specifically identified as a bar to recovery of benefits.

9.      Defendant reserves the right to amend its Answer and additional defenses as discovery continues.

///
///
///
///
///
///

SUN SOB Answer
to Complaint doc

1    WHEREFORE, Defendant prays that Plaintiff take nothing by his Complaint, for

2    attorneys' fees and costs, and for all other just and proper relief.

3    DATED:  May 15, 2008                    OGLETREE, DEAKINS, NASH, SMOAK &
                                             STEWART, P.C.
4

5

6                                            By: _____/s/_____

7                                                    Thomas M. McInerney
                                                     Attorneys for Defendant
8                                                    SUN LIFE ASSURANCE COMPANY
                                                     OF CANADA
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO COMPLAINT FOR RECOVERY OF ERISA PLAN BENEFITS
[29 U.S.C. § 1132(A)(1)(B)]

SUN SOB Answer
to Complaint doc