Lee S. Harris (SBN 76699)
Michael W. Flynn (SBN 247501)
GOLDSTEIN, GELLMAN,
MELBOSTAD, GIBSON & HARRIS, LLP
1388 Sutter Street, Suite 1000
San Francisco, CA 94109-5494
Tel.: (415) 673-5600
Fax: (415) 673-5606
Attorneys for Plaintiff
**JERRY SOBEL, M.D.**

Thomas M. McInerney, State Bar No. 162055
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, California 94105
Telephone: (415) 442-4810
Facsimile: (213) 442-4870
Email: tmm@ogletreedeakins.com
Attorneys for Defendant
**SUN LIFE AND HEALTH INSURANCE COMPANY, INC.**

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY SOBEL, M.D., <br><br> Plaintiff, <br><br> v. <br><br> SUN LIFE AND HEALTH INSURANCE COMPANY, INC., <br><br> Defendant. | Case No. CV-08-1682 WHA <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** <br> **[FRCP 26(f); Civ. L.R. 16-9]** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (FRCP) and Rule 16-9 of the Civil Local Rules, the parties herein submit this Joint Case Management Statement and Proposed Order, and request the court adopt it as its Case Management Order in this case.

**JURISDICTION AND SERVICE**

This court has jurisdiction over this action, under 28 U.S.C. § 1331 (federal question) and 29

1.

U.S.C. § 1132(e)(1) (ERISA), irrespective of the amount in controversy or the citizenship of the parties. All parties have been personally served.

## FACTS

**1.    Plaintiff's Summary of Facts:**

On September 3, 1997, Dr. Sobel (hereinafter "Plaintiff") began working as a physiatrist with Sports Medical Management, Inc. Plaintiff was eligible for Long Term Disability ("LTD") Benefits under the Sun Life Long Term Disability Plan, dated August 1, 1992 (the "Plan").

On December 5, 2006, Plaintiff stopped working due to his disability. On February 22, 2007, Plaintiff submitted to Sun Life and Health Insurance Company, Inc. (hereinafter "Sun Life") his LTD claim.

On June 1, 2007, Sun Life denied Plaintiff's claim, citing applicable policy language and chronicled Plaintiff's medical history from September 2006 to present.

After Sun Life's denial of Plaintiff's claim, Plaintiff visited two doctors who both in turn wrote to Sun Life on behalf of Plaintiff stating his illness. On October 10, 2007 Plaintiff appealed the denial of LTD Benefits.

During the months of October and November, Sun Life attempted to conduct an Independent Neurological Examination (INE) on Plaintiff. Plaintiff responded that he would not be appearing for the scheduled INE. Plaintiff explained that, while Sun Life had the right to conduct a medical examination that was "reasonably required" under the Plan, that an examination scheduled *after* Sun Life had already denied his claim was not reasonable. Plaintiff explained that Sun Life had the opportunity to examine him, but chose not to do so during its investigation, and that he would not participate in Sun Life's post hoc attempt to find evidence to support its erroneous denial.

On November 21, 2007, Plaintiff responded for the final time to Sun Life's request for INE

2.

reiterating his position that he would not participate in an INE. Plaintiff again expressed his concern that Sun Life only started to fulfill its fiduciary duties to investigate his claim after he 1) lost his ability to work and earn income due to disability, 2) was denied LTD benefits from Sun Life without justification, and 3) was forced to hire counsel.

On November 30, 2007, Sun Life denied Plaintiff's appeal.

**2.     Defendants' Summary of Facts:**

Defendant denies Plaintiff's allegation that he was entitled to disability benefits under the terms of the Plan and Policy.  Plaintiff was afforded a full and fair review of his claim and the decision to deny plaintiff's claim was appropriate and/or not arbitrary and capricious under the terms of the Plan and Policy. In addition, Defendant contends that plaintiff failed to properly participate in the claims process by, without limitation, failing to submit to an independent examination requested by Defendant that was specifically provided for by the terms of the Plan and Policy.

**LEGAL ISSUES**

This action arises from the termination of Plaintiff Jerry Sobel's claim for LTD benefits under the Plan, and is thus governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 USC 1001, et seq.  There are no unresolved factual or legal issues regarding personal jurisdiction, subject matter jurisdiction, or venue.

The principal legal and factual issues which the parties dispute are:

(a)     Whether plaintiff is eligible for LTD benefits under the terms of the Plan;

(b)     Whether plaintiff's claim for LTD benefits is excluded under the terms of the Plan;

(c)     Whether the applicable standard of review is abuse of discretion or de novo;

(d)     If the appropriate standard of judicial review is abuse of discretion, whether Defendant's decision was arbitrary and capricious;

3.

(e)     If the appropriate standard of judicial review is de novo, whether plaintiff was disabled under the terms of the Plan and Policy;

(f)     Whether plaintiff's claim should be remanded to Sun Life to determine eligibility for benefits, and the applicability of any exclusion, under the terms of the Plan, or whether this issue was properly raised or has been waived;

(g)     Whether plaintiff's failure to comply with the terms of the Plan and Policy should result in judgment as a matter of law; and

(h)     Whether any other relief sought is proper and appropriate, including the amount of benefits owed, if any.

## MOTIONS

There are no pending motions.  The parties believe it is likely that a motion or cross-motion for summary judgment or summary adjudication is likely prior to the ERISA trial on the administrative record.

## AMENDMENT OF PLEADINGS

The parties' claims and defenses are not expected to be amended other than a correction of defendant's name.

## EVIDENCE PRESERVATION

The evidence consists of the plan documents and administrative record.

## DISCLOSURES

Plaintiff and Defendant expect to serve initial disclosures in compliance with Fed.R.Civ.P.26(f).

## DISCOVERY

Plaintiff is mindful of the normal restrictions on discovery in ERISA matters.  Plaintiff has not

4.

yet received defendant's initial disclosure. Although plaintiff does not presently anticipate it, it is possible, depending on any issue raised therein or any significant omissions, and if the case does not resolve in ADR, that plaintiff may need to propound written discovery and depose defendants' claims representatives, medical personnel, or other parties.

Defendant asserts that no discovery is permitted as the review of the denial of plaintiff's claim for benefits must be made by the Court based on the administrative record that was before Sun Life at the time it concluded benefits were not payable. See <u>Kearney v. Standard Ins. Co.</u> (9th Cir. 1999) 175 F.3d 1084, 1094-1095.  If the Court does not enter judgment as a matter of law in favor of defendant as a result of plaintiff's failure to cooperate during the claims process, defendant contends that it is entitled to the information that was requested during the claim review process, including, but not limited to, an independent medical exam.

### CLASS ACTIONS

This case is not a class action.

### RELATED CASES

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

### RELIEF

Plaintiff seeks monetary damages in an amount to be calculated according to the Plan, as well as interest, attorney fees, and costs, under 29 U.S.C. § 1132(g)(1).  Defendant seeks attorney's fees and costs under 29 U.S.C. § 1132(g).

### SETTLEMENT AND ADR

The parties have not yet been assigned to any court ADR process, but have agreed to participate in private mediation.

5.

### CONSENT TO MAGISTRATE JUDGE FOR TRIAL

Parties declined to proceed with a Magistrate Judge and the case has been reassigned to the Honorable William Alsup.

### OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### NARROWING OF ISSUES

The parties are unaware of any issues that may be narrowed by agreement or by motion other than summary judgment or summary adjudication. Defendant contends that a threshold issue to be decided is whether defendant is entitled to summary judgment as a result of plaintiff's failure to cooperate during the claim review process. Plaintiff disputes this.

### EXPEDITED SCHEDULE

The parties are unable to agree upon whether this is the type of case that can be handled on an expedited basis with streamlined procedures before such procedures are known.

### SCHEDULING

The parties defer to the court's calendar for purposes of scheduling dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial. To the extent dates are helpful to the Court, the parties agree to the following deadlines:

   a. Dispositive motion deadline:          January 16, 2009

   b. Pretrial Conference:                  ____

   c. Trial:                                ____

### TRIAL

This matter is an ERISA case will be tried by the court and should not last more than one day.

6.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Parties have filed their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. The parties certify that there are no other interested entities or persons other than the named plaintiff, defendant (whose correct identity is Sun Life Assurance Company of Canada), and defendant's parent company, Sun Life Financial who have a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: June 26, 2008.

                    GOLDSTEIN, GELLMAN, MELBOSTAD,
                    GIBSON & HARRIS, LLP

                    By:  /s/
                        LEE S. HARRIS
                        MICHAEL W. FLYNN
                        Attorneys for Plaintiff
                        JERRY SOBEL

Dated: June 26, 2008.

                    By:  /s/
                        Thomas M. McInerney
                        Attorneys for Defendant
                        SUN LIFE AND HEALTH INSURANCE
                        COMPANY, INC.

**[PROPOSED] CASE MANAGEMENT ORDER**

The Court hereby adopts the Case Management Statement and [Proposed] Order for the case and the parties are ordered to comply with this Order. In addition, the court orders:

Dated: _____, 2008.

_____
United States District Judge William Alsup

6460634.1 (OGLETREE)

8.